# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ANTHONY JEFFERSON,**

    **Plaintiff,**

    v.                                 **CASE NO. 17-3161-SAC**

**ARAMARK CORRECTIONAL
SERVICES, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Anthony Jefferson, is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his claims against Defendant Aramark Correctional Services should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. The Court finds that proper processing of Plaintiff's claims against the remaining Defendants cannot be achieved without additional information from appropriate officials of the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF").

**I. Nature of the Matter before the Court**

Plaintiff, a prisoner currently incarcerated at HCF, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff alleges that he requested to be placed on a Kosher diet at HCF on June 1, 2017. Plaintiff received a response on June 7, 2017, requesting that he fill out a request for a certified religious diet ("CRD") and submit it to chaplain services. Plaintiff did not fill out the request form for a CRD because the meal components at HCF are not Kosher-certified by a supervising Rabbinical committee and are not stored, prepared or served in accordance with Jewish Kosher dietary laws.

Plaintiff alleges that the same meal components for CRD meals and the same storage, preparation, and servicing procedures are used at all Kansas Department of Corrections ("KDOC") facilities. Plaintiff alleges that the packaging of the CRD meal components do not contain the proper Kosher symbols, meaning that there has been no Rabbinical supervision of that food product and that the food product is not Kosher. Plaintiff also alleges that the meal components are served and stored in the same area as non-Kosher food items. Plaintiff alleges violations of his First Amendment rights and RLUIPA. Plaintiff names Aramark Correctional Services and multiple KDOC and Aramark staff as defendants. Plaintiff seeks a declaratory judgment, compensatory damages, nominal damages, punitive damages and injunctive relief.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d

910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

The Court finds that proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate HCF officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

Plaintiff is also directed to show good cause why his claims against Defendant Aramark Correctional Services should not be dismissed, because "corporate defendants cannot be held vicariously liable for the acts of their servants under section 1983." *Dickerson v. Leavitt Rentals*, 995 F. Supp. 1242, 1247 (D. Kan. 1998); *see also Baker v. Simmons*, 65 F. App'x 231, 234 (10th Cir. 2003) (unpublished) (finding that plaintiff's claims that Aramark Corporation and Prison Health Services, Inc. were vicariously liable for the actions of their employees at the prison were without merit because corporate defendants cannot be held vicariously liable for the acts of their servants under section 1983).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff is granted until **January 22, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's claims against Defendant Aramark Correctional Services should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED THAT:**

(1) The clerk of court shall prepare waiver of service forms pursuant to Fed. R. Civ. P. 4(d), to be served upon Defendants Berry, Dockendorff, Allen, Fellig and Church, at no cost to Plaintiff. The report required herein shall be filed no later than sixty (60) days from the date of this Order, and the answer shall be filed within thirty (30) days following the receipt of that report by counsel for Defendants or the date set forth in the waiver of summons, whichever is later.

(2) Officials responsible for the operation of the Hutchinson Correctional Facility are directed to undertake a review of the subject matter of the Complaint:

    (a) to ascertain the facts and circumstances;

    (b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint;

    (c) to determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying Plaintiff's claims shall also be included.

(4) Authorization is granted to the appropriate KDOC officials to interview all witnesses having knowledge of the facts including Plaintiff.

(5)  No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report requested herein has been prepared and filed.

(6)  Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answer or response to the Complaint and the report required herein.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED that** the clerk of court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.  Upon the filing of that report, KDOC may move for termination from this action.

Copies of this Order shall be transmitted to Plaintiff, to Defendants, to the Warden of HCF, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated on this 22nd day of December, 2017, in Topeka, Kansas.**

> **s/ Sam A. Crow**
> **SAM A. CROW**
> **U. S. Senior District Judge**