IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY JEFFERSON,
         Plaintiff,

vs.                                                                            No. 17-cv-03161-JTM

ARAMARK CORRECTIONAL
SERVICES, et al.,
         Defendants.

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff Anthony Jefferson's Motion for Additional Time (Dkt. 70) requesting additional time to file a response to the court's previous order to show cause. This is plaintiff's third request for an extension of time based upon his representation that he has limited access to his prison facility's law library.

The court entered an order to show cause on August 24, 2018 (Dkt. 44) because plaintiff had not filed a timely response to a motion to dismiss plaintiff's complaint filed by defendants Aramark Correctional Services, LLC, Paul Church, Julie Dockendorff, and Rabbi M. Fellig on July 20, 2018. (Dkt. 41). The order referenced Local Rule 7.4(b), which provides that absent a showing of excusable neglect, a party who does not file a timely response brief waives the right to later file such a brief and the court may decide the motion as unopposed. D. Kan. Local Rule 7.4(b). The rule further indicates that the court will generally grant an unopposed motion without further notice. *Id.* Given plaintiff's failure to respond to the July 20, 2018 motion to dismiss, plaintiff was directed to show

cause on or before September 7, 2018 why the motion to dismiss should not be granted as unopposed, and to file any response to the motion to dismiss on the same date. The court's order indicated "[i]f Plaintiff fails to respond to this order, or to file a response as directed, the Court will consider Defendants' motion as unopposed as described in D. Kan. Rule 7.4(b)." (Dkt. 44).

Plaintiff did not file a response to the order to show cause by September 7, 2018, nor did he file a response to defendants' motion to dismiss. Instead, plaintiff filed a motion for a 30-day extension of time to respond on September 4, 2018. (Dkt. 45). That order was granted and plaintiff was instructed to file his response to the show cause order and any response to the motion to dismiss by October 5, 2018. (Dkt. 46).

On October 3, 2018, plaintiff filed a motion requesting a 60-day extension of time to respond to the order to show cause. (Dkt. 56). That request was granted on October 10, 2018 (Dkt. 63) with the cautionary note to plaintiff that this court was not likely to grant further extensions of time to respond absent extraordinary circumstances. The court is not satisfied that plaintiff's recent motion demonstrates extraordinary circumstances that warrant further extensions of time to respond.

Defendants' motion to dismiss has been pending since July 20, 2018, and defendants oppose plaintiff's most recent request for an extension to respond. (Dkt. 71). Since defendants' motion to dismiss was filed in July plaintiff has successfully filed three motions for extensions of time, along with a motion to appoint counsel (Dkt. 57) and five "affidavits of truth" (Dkts. 58, 59, 60, 61, and 62) in support of his claims. From the record, it appears that although plaintiff represents that he has limited access to the law library,

he has not had trouble filing documents with this court. Plaintiff simply has not filed the two documents that he was initially directed to file by September 7, 2018 and he offers no assurance to the court that he will not continue to request further extensions. Even assuming no further extensions, if plaintiff's request is granted now he will have until mid-January 2019 to respond to the court's original order. Allowing for a reply to be filed and time for the court to consider the arguments, that represents a substantial and prejudicial delay to defendants' right to have their motion to dismiss heard and determined in a timely fashion.

In the court's opinion, plaintiff's unsupported representation that he has limited access to the prison law library is not the type of "extraordinary circumstance" that would excuse his repeated failure to respond to the court's show cause order. In the amount of time plaintiff has devoted to other filings in this matter he could have prepared at least a brief memorandum to the court explaining why the court should not consider defendants' motion to dismiss unopposed despite his failure to file a timely response.

It is true that plaintiff's pleadings are to be held to less stringent standards because he is a prisoner proceeding pro se. *See Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). In this instance, however, plaintiff has given the court nothing to consider despite having been offered several opportunities to do so. Plaintiff's request for additional time to file his response to the court's order to show cause and his brief in response to the defendants' motion to dismiss is therefore **DENIED.** Following the directive of the court's August 24, 2018 order to show cause (Dkt. 44) and Local Rule 7.4(b), the court deems the Motion to Dismiss filed by defendants Aramark Correctional

Services, LLC, Paul Church, Julie Dockendorff, and Rabbi M. Fellig (Dkt. 41) and corresponding memorandum in support (Dkt. 42) to be unopposed. Because defendants' motion is unopposed, the Motion to Dismiss (Dkt. 41) is **GRANTED**. Judgment shall be entered in favor of and this matter closed as to defendants Aramark Correctional Services, LLC, Paul Church, Julie Dockendorff, and Rabbi M. Fellig.

**IT IS SO ORDERED**.

Dated this 18th day of December 2018.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT