# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTHONY JEFFERSON, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 17-3161-JTM-GEB |
| CHERYL ALLEN,[1] et al., | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Appointed Counsel (**ECF No. 57**). For the reasons outlined below, Plaintiff's motion is **DENIED**.

## I.  Background[2]

Plaintiff Anthony Jefferson is an inmate at Hutchinson Correctional facility, in the custody of the Kansas Department of Corrections. On September 12, 2017, Plaintiff filed this case, acting pro se and seeking to proceed without prepayment of the filing fee, which was granted. (*See* ECF Nos. 1, 2, 3.) Highly summarized, he claims the facility's food service contractor and certain food service employees violated his right to exercise his religious beliefs under the First Amendment by providing certified religious meals that actually failed to comply with Jewish dietary rules. Although the meals were labelled as

---

[1] Other defendants named in the Complaint have since been dismissed (*see* Memorandum and Order, ECF No. 72, Dec. 18, 2018, granting Motion to Dismiss by defendants Julie Dockendorff, Menachem Fellig, Aramark Correctional Services, and Paul Church; *see also* Memorandum and Order, ECF No. 75, Jan. 10, 2019, granting Motion to Dismiss of defendant Patricia Berry).

[2] Unless otherwise noted, information comes from Complaint (ECF No. 1) and Martinez Report (ECF No. 34).

kosher, they were not. Plaintiff claims the storage, preparation and service of the meals do not comply with Jewish law. He filed the case as a civil rights complaint under 42 U.S.C. § 1983 and also cites the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). He seeks nominal damages of $1.00 and punitive damages of $70,000 from Defendants, as well as declaratory and injunctive relief and costs.

Since the filing of the case, considerable motion practice has ensued. Most significantly, Defendant Aramark Correctional Services and its employee defendants Paul Church, Julie Dockendorff, and Menachem Fellig filed a joint motion to dismiss (ECF No. 41), which was later granted (Memorandum and Order, ECF No. 72), and those four defendants were dismissed. Defendant Patricia Berry, a KDOC contract monitor over food issues, filed her own dispositive motion (ECF No. 49), which was recently granted (Memorandum and Order, ECF No. 75) and she has also been dismissed from the case. At this time, a single defendant—Cheryl Allen (a KDOC dietician)—remains. Ms. Allen recently filed a motion for summary judgment (ECF No. 76).

## II. Plaintiff's Motion for Appointment of Counsel (ECF No. 57)

More than a year after filing his Complaint, Plaintiff asks the Court to appoint him counsel to assisting him in pursuing his claims. He contends his knowledge of the law is limited, and the case is complex and any deficiencies can only be corrected through legal counsel. Prior to their dismissal, Aramark Correctional Services, LLC, Paul Church, Julie Dockendorff, Rabbi M. Fellig, and Patricia Berry opposed the appointment of counsel. (Resp., ECF No. 65; Joinder, ECF No. 66). Defendants argued the case is not complex, similar requests for appointment have been denied, and Plaintiff alleges no other special

2

circumstances which prevent him from presenting his claims. Although all Defendants opposing the motion have since been dismissed, the Court must still review Plaintiff's motion on its merits.

## A. Legal Standard

Although a criminal defendant has a constitutional right to representation by an attorney, there is no similar constitutional right to counsel in a civil action such as this one.[3] However, for parties such as Plaintiff who proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority for the court to "request an attorney to represent any person unable to afford counsel."[4]

When evaluating whether to appoint counsel, the court considers multiple factors, including as (1) the merits of the litigant's claims, including the nature and complexity of those claims; (2) the litigant's ability to present his or her claims; (3) the litigant's financial ability to pay an attorney; and (4) the litigant's diligence in attempting to secure an attorney.[5] The court has an obligation not to make indiscriminate appointments on every occasion that a party seeks court-ordered counsel,[6] particularly in light of the expanding federal court dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[7] The party seeking counsel under § 1915(e)(1) has the burden "to convince the court" that asserted claims have sufficient merit to warrant the

---

[3] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).
[4] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district "court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis*" under 28 U.S.C. § 1915(e)(1)).
[5] *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992).
[6] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).
[7] *See Sause v. Louisburg Police Dept.*, No. 15-9633-JAR-TJJ, ECF No. 16 (D. Kan. Jan. 6, 2016).

appointment of counsel. [8] "That counsel could assist plaintiff in presenting 'his strongest possible case' is not a proper basis for granting such a motion."[9]

**B.      Discussion**

The Court is satisfied Plaintiff is unable to afford counsel, as evidenced by his motion for leave to proceed in forma pauperis (ECF No. 2) and the earlier Order permitting him to proceed *in forma pauperis* (Order, ECF No. 3). Additionally, the Court does not construe Plaintiff's efforts to engage his own counsel, or lack of demonstration thereof, against his request for appointment, bearing in mind his incarceration and inability to pay. However, after careful consideration of the remaining factors, the Court declines to appoint counsel for the following reasons.

First, Plaintiff's case does not appear unusually complex.[10] Additionally, after thorough review of the docket and earlier dispositive motion practice, the Court bears serious concerns regarding the merits of Plaintiff's claims, even if counsel were to be appointed. Only one defendant remains, and that defendant's motion for summary judgment is currently pending before the District Judge.

Most importantly, Plaintiff has demonstrated no reason why he is unable to adequately present the case on his own. Plaintiff has shown no special circumstances, such

---

[8] *Jones v. Maritz Research Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *1 (D. Kan. Nov. 21, 2014) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).
[9] *Smith v. Phamm*, No. 03-3451-SAC, 2008 WL 631263, at *3 (D. Kan. Mar. 5, 2008) (citing *Brown v. Gray*, No. 06–3003–JTM, 2007 U.S. Dist. LEXIS 69925, at * 6–7 (D. Kan. 2007)); *see also Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) ("It is not enough that having counsel appointed would have assisted [him] in presenting his strongest possible case, as the same could be said in any case.")
[10] *See Phamm*, 2008 WL 631263, at *3 (citing multiple cases, noting generally, cases involving the treatment and alleged civil rights violations of incarcerated plaintiffs are "not particularly complex.") (internal citations omitted).

as mental or physical impairment, which would indicate he is unable to present his claims.[11] His written pleadings and motions appear well-formulated, organized, and coherent. Although he complains he has limited access to legal materials, and limited ability to investigate facts or interview witnesses, Plaintiff prepared and filed at least 21 affidavits of other inmates to support his claims.[12] He has also filed multiple personal affidavits[13] and other court documents—all comprehensible, and some even citing case law from multiple jurisdictions.[14] Plaintiff has given this Court no indication of difficulty either communicating with the Court or filing desired documents on his own behalf.

The Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[15] as the case progresses. Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[16] Postponing a decision to appoint counsel allows the Court to gain more information about both the merits of the claims and Plaintiff's continuing ability to present his case.[17] Therefore, the motion for appointment of counsel shall be **DENIED** without prejudice to the filing of a similar motion at a later time.

---

[11] *Phamm*, 2008 WL 631263, at *3.
[12] *See* Affidavits in Support of Complaint, ECF No. 36 (later stricken from the record by Order, ECF No. 74).
[13] *See* Affidavits, ECF Nos. 58, 59, 60, 61, 62.
[14] *See, e.g.*, Motion, ECF No. 57, at 4-6.
[15] *Jones*, 2014 WL 6632929, at *3.
[16] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998) (internal citations omitted)).
[17] *Jones*, 2014 WL 6632929, at *3 (citing *Ficken,* 146 F.3d at 981).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 57**) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 31st day of January 2019.

s/Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge