IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY JEFFERSON,
        Plaintiff,

vs.                                                         No. 17-cv-03161-JTM

ARAMARK CORRECTIONAL
SERVICES, et al.,
        Defendants.

## **MEMORANDUM AND ORDER**

This matter is before the court on defendant Cheryl Allen's Motion for Summary Judgment (Dkt. 76) and Memorandum in Support (Dkt. 77) filed January 16, 2019. Defendant Allen simultaneously filed a Notice to Pro Se Litigant Who Opposes a Summary Judgment Motion (Dkt. 78), which was served upon plaintiff at his current residence at the Hutchinson Correctional Facility.

The Notice attached the full text of Fed. R. Civ. P. 56(c) and D. Kan. Local Rule 56.1, and included the language required by D. Kan. Local Rule 56.1(f) admonishing plaintiff "[i]f you do not respond to the motion for summary judgment on time with affidavits and/or documents contradicting the material facts asserted by the defendant, the court may accept defendant's facts as true, in which event your case may be dismissed and judgment entered in defendant's favor without a trial." The court finds the signed Certificate of Service and the deposit of the Notice in first class mail, postage prepaid to be prima facia evidence that plaintiff received it.

D. Kan. Local Rule 7.1(c) indicates that a party opposing a motion *must* file a responsive brief or memorandum within the time specified by D. Kan. Rule 6.1(d), absent an extension of time. Under D. Kan. Rule 6.1(d)(2), responses to motions for summary judgment must be filed and served within 21 days. Plaintiff's response to defendant Allen's Motion for Summary Judgment was due no later than February 6, 2019. Plaintiff to date has not filed a responsive brief or motion for extension of time.

Under D. Kan. Local Rule 7.4(b), without a showing of excusable neglect a party who does not file a timely response waives the right to respond and the court may decide the motion as unopposed. The rule further warns parties that the court will generally grant an unopposed motion without further notice. The court takes judicial notice that plaintiff has been advised of Local Rule 7.4(b) in two Orders to Show Cause (Dkt. 44, Dkt. 73) and in the Memoranda and Orders granting two prior motions to dismiss based upon plaintiff's waiver of his right to respond (Dkt. 72, 75). Plaintiff has therefore had more than sufficient notice of the consequences of failure to file a timely response to a summary judgment motion.

Given plaintiff's history of failing to respond to this court's orders to show cause or prior dispositive motions filed in this case, the court is not inclined to enter yet another order to show cause. The court will treat this matter as unopposed as prescribed by D. Kan. Rule 7.4(b). Allen's Motion for Summary Judgment (Dkt. 76) and Memorandum in Support (Dkt. 77) request the court grant summary judgment in her favor as to all claims made by plaintiff against her, including all alleged violations of 42 U.S.C. § 1983 and the Religious Land Use and Institutional Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§

2000cc-2000cc-5. The court accepts as true and uncontested all factual allegations in the Motion and Memorandum, finds that Allen is entitled to judgment as a matter of law on all claims asserted against her in plaintiff's Complaint, and **GRANTS** the Motion. Judgment shall be entered in favor of and the matter closed as to defendant Cheryl Allen.

**IT IS SO ORDERED**.

Dated this 21st day of February, 2019.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
United States District Court